**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| DERRICK L. BRICE, #241502, | ) | |
| | ) | CIVIL ACTION NO. 9:11-3172-GRA-BM |
| Petitioner, | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| WAYNE MCCABE, Warden, | ) | |
| Respondent. | ) | |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 15, 2011.[1] The Respondent filed a return and motion for summary judgment on January 23, 2012. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on January 26, 2012, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After receiving an extension of time to respond, Petitioner filed a memorandum in opposition to the motion for summary judgment on March 30, 2012. This matter is now before the Court for disposition.[2]

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



## Procedural History

Petitioner was indicted in October 2001 in York County for Distribution of Crack Cocaine [Indictment No. 01-GS-46-3004]. (R.pp. 382-383). Petitioner was represented by Adrian Cooper, Esquire, and after a trial by jury on November 5-6, 2002, was found guilty as charged. (R.pp. 3, 262). Petitioner was sentenced to thirty (30) years imprisonment and a fine of $100,000 as a third offense. (R.p. 268).

Petitioner filed a timely appeal in which he was represented by Eleanor Duffy Clearly, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner raised the following issue in his direct appeal:

> Whether the trial court lacked subject matter jurisdiction to convict appellant where the indictment for distribution of crack cocaine failed to allege the essential elements of the offense, specifically that appellant "knowingly" distributed the drugs.

See Brief of Appellant, p. 3.

On February 11, 2005, the South Carolina Court of Appeals filed an opinion affirming the conviction and sentence. State v. Brice, No. 2005-UP-108 (S.C.Ct.App. filed Feb. 11, 2005). The Remittitur was sent down on March 1, 2005.

On June 1, 2005, Petitioner filed an Application for Post-Conviction Relief ("APCR") in state circuit court; Brice v. State of South Carolina, 05-CP-46-1436; in which he raised the following issues:

1. Whether the trial court lacked subject matter jurisdiction because the indictment [was] true billed before the grand jury convened;

2. Whether the trial court lacked subject matter jurisdiction to convict applicant because the indictment failed to allege an essential element of the offense of conspiracy to distribute crack cocaine;





3. Whether the trial court lacked subject matter jurisdiction to convict applicant of conspiracy or aid and abet or attempt distribution of crack cocaine because it is not a lesser included offense of the charged offense of distribution of crack cocaine;

4. Whether the trial court lacked subject matter jurisdiction where the indictment failed to charge [applicant] with the offense allegedly proven at trial; and the trial defense counsel was ineffective in failing to request a direct verdict where a material variance existed between the evidence offered at trial and the allegations presented in the indictment;

5. Whether applicant received ineffective assistance of trial defense counsel in failing to introduce evidence to the jury that applicant [was] in prison serving time on a drug charge at the time the pager [was] purchased and activated that was used in the present drug charge;

6. Whether applicant received ineffective assistance of counsel in failing to object to the prosecutor violating his constitutional rights by intimidating a potential defense witness and by threatening to prosecute Mr. James Rhinehart if he testified, which was exacerbated by calling the absence of Mr. Rhinehart['s] testimony to the attention of the jury;

7. Was trial counsel ineffective for failing to request the jury verdict be clarified with respect to the division of the drug conviction;

8. Was trial counsel ineffective for failure to call a potential witness to testify in favor of applicant['s] trial defense; and

9. Did trial counsel['s] failure to request an alibi instruction to the jury constitute [] ineffective assistance of counsel?

(R.pp. 276-293).

On October 10, 2007, an evidentiary hearing was held at which Petitioner was present and represented by James W. Hancock, Esquire. (R.pp. 299-335). Thereafter, on January 10, 2008, the PCR court entered a written order [dated May 2, 2008] denying the petition in its entirety. (R.pp. 336-345).

On May 16, 2008, Petitioner filed a second APCR in state circuit court; Brice v. State





of South Carolina, 08-CP-46-1921; in which he sought relief to file an appeal of his first APCR. (R.pp. 346-357). Petitioner subsequently amended this APCR and raised the following issues:

1. Was PCR counsel ineffective for failing to insure that all grounds for relief were raised in Petitioner's first PCR application;

2. Is Petitioner entitled to an evidentiary hearing in order to determine if he knowingly and intelligently waived his right to appeal his post conviction relief denial;

3. Was PCR counsel ineffective for failing to file an appeal from the denial of Petitioner's post conviction relief;

4. Was trial counsel ineffective for failing to [file a] motion in limine pretrial pursuant to Rule 401, SCRE, to prevent any unfair prejudice from spilling over into Petitioner's trial that denied Petitioner a fair trial;

5. Was counsel ineffective for not objecting on the grounds of the Confrontation Clause, since the import of this hearsay testimony directly affected the substantial rights of Petitioner, since he was unable to cross-examine an alleged co-defendant; and

6. Was counsel ineffective counsel for failing to subpoena the State's confidential informant Theodore Walker since the State relied on the confidential informant's actions in the participation of the alleged drug transaction.

See Petition, p. ii.

On May 27, 2009, an evidentiary hearing was held at which Petitioner was present and represented by Leah B. Moody, Esquire. (R.pp. 365-375). Thereafter, on August 4, 2009, the PCR court entered a written order [dated July 24, 2009] granting the Austin[3] appeal, but denying and dismissing the remainder of the issues raised in the petition in their entirety. (R.pp. 376-381).

Petitioner timely served and filed an appeal. Petitioner was represented on appeal by Elizabeth A. Franklin-Best, Appellate Defender with the South Carolina Commission on Indigent

---

[3] Austin v. State, 409 S.E.2d 399 (S.C. 1991).





Defense, who raised the following issue:

> Did trial counsel render ineffective assistance of counsel when he did not request an alibi jury instruction, and where the evidence supported giving the instruction, and [P]etitioner's defense at trial was that he had an alibi?

See Petition, p. 2.

Petitioner also filed a Petition for Writ of Certiorari pursuant to Austin v. State, wherein Petitioner asserted that the PCR court correctly found that Petitioner did not knowingly and voluntarily waive his right to appellate review of the denial of his first PCR order of dismissal.

On October 5, 2011, the South Carolina Supreme Court granted Petitioner's request for a belated review of the order denying his first PCR. See Order filed on October 5, 2011. The South Carolina Supreme Court then proceeded with a review of that order and denied the petition. Id. The Remittitur was issued on October 21, 2011.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

> **Ground One**: The court lacked jurisdiction to convict petitioner where the indictment failed to include essential element of knowledge;
>
> Supporting Facts: The indictment in the instant matter failed to charge the essential element of "knowledge", thus the mens rea element of any criminal offense.
>
> **Ground Two:** Counsel constitutionally ineffective for failing to request an alibi jury instruction.
>
> Supporting Facts: Petitioner's defense was of alibi and counsel failed to request the instruction even though the evidence presented clearly supported the instruction and by counsel not requesting the instruction the jury could not consider alibi and therefore Petitioner was denied the effective assistance of counsel and his right to present a defense. The State Court's decision was objectively unreasonable.

See Petition pp. 6-9.



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner contends that the trial court lacked subject matter jurisdiction because the indictment failed to include the essential element of "knowledge." Petitioner further contends that issues relating to subject matter jurisdiction can be raised at any time. See Memorandum in Opposition to Summary Judgment, p. 14. The South Carolina Court of Appeals rejected Petitioner's subject matter claim; (Court Docket No. 11-8); and the undersigned can find no reversible error in this finding or in the denial of Petitioner's direct appeal. 28 U.S.C. § 2254(d) and (e)(1).[4]

[4] The Court notes that Petitioner also raised this claim in his APCR and it was rejected by the PCR court. (R.pp. 342-343). The South Carolina Supreme Court also reviewed the PCR court's decision after granting an Austin appeal and denied the petition in its entirety. See Order filed October 5, 2011.





The ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'". Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007). It is not for this Court to determine such issues of state law. Thompson, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"].

Further, the "sufficiency of an indictment or information is primarily a question of state law;" Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991)](quoting Franklin v. White, 803 F.3d 416, 418 (8th Cir. 1986))(quoting Goodloe v. Parratt, 605 F.2d 1041, 1045 n. 12 (8th Cir. 1979), cert. denied, 481 U.S. 1020 (1987)), cert. denied, 502 U.S. 835 (1991); and deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). See also Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir. 1991), cert. denied, 502 U.S. 890 (1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."]; Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988)["[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."](quoting Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985)(other citation omitted)), cert. denied, 489 U.S. 1086 (1989). There is no evidence of any such deficiency in this case.





First, the South Carolina Supreme Court noted in Winns v. State,

> that our decision in this case is consistent with the recently published opinion of State v. Gentry, Op. No. 25949 (S.C. Sup.Ct. filed March 7, 2005), which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction. See S.C. Const. art. V, Section 11 (providing that circuit courts are 'general trial court[s] with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law').

611 S.E.2d 901, 904 n. 2 (S.C. 2005).

In Gentry, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction." Gentry, 610 S.E.2d 494, 500-501 (S.C. 2005). Therefore, under current South Carolina law, Petitioner's allegation with respect to a purported defect in an indictment is not even a subject matter jurisdiction claim. See Madden v. Warden, No. 07-1109, 2008 WL 351010, *5 (D.S.C. Feb. 7, 2008) [Discussing retroactivity of Gentry]; State v. Means, 626 S.E.2d 348, 352 (S.C. 2006)[same]; see also Mazyck v. Knowlin, No. 09-1222, 2009 WL 2447981 at * 1 (D.S.C. Aug. 7, 2009)["South Carolina Supreme Court has ruled that alleged deficiencies and irregularities in an indictment are not matters of subject matter jurisdiction."]; Evans v. State, 611 S.E.2d 510, 516-520 (S.C. 2005)[subject matter jurisdiction is the power of a court to hear and determine cases whereas the indictment is a notice document and issues relating to the indictment generally are not issues of subject matter jurisdiction].

Further, even prior to Gentry, there is no basis on which to find that the indictment here was defective. See State v. Gill, 584 S.E.2d 432, 435 (S.C.Ct.App. 2003)[finding the "knowingly" element is not an essential element of distribution of crack cocaine and is not required to be alleged in the indictment to confer subject matter jurisdiction]. Here, the indictment clearly named the Petitioner, and there is no question that Petitioner knew the charges being leveled against





him. (R.p. 383); see Gentry, 610 S.E. 2d at 499, n. 6 ["[A]n indictment is needed to give notice to the defendant of the charges against him"]. Nor is there any evidence to support a finding that the indictment was "fatally defective" or made Petitioner's trial "egregiously unfair" Ashford, 780 F.2d at 407; Johnson, 930 F.2d at 447; see State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987) [Indictment is sufficient "if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution"].

The State court found that the state court did have subject matter jurisdiction [R.pp. 342-343; see also Court Docket Nos. 11-8, 11-16], and since there is no basis in the record before this Court on which to find a due process violation, Petitioner is not entitled to federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions.]; Thompson, 2007 WL 2579570 at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew, 2007 WL 4302429 at *4 ["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]; Shepler v. Evans, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), cert. denied, 528 U.S. 1077 (2000).

Since Petitioner has failed to present the substance of a federal constitutional claim with regard to subject matter or the sufficiency of his indictment, this claim should be dismissed.

**II.**

In Ground Two of his Petition, Petitioner contends that his trial counsel was ineffective for failing to request an alibi jury instruction. Respondent contends that this claim is procedurally barred from consideration by this Court for not having been properly pursued and





exhausted in state court. The undersigned agrees.

Petitioner raised this claim as issue #9 in his original APCR. However, the PCR judge found that Petitioner failed to present any evidence on this claim and had therefore failed to meet his burden of proof and had waived this claim. (R.p. 344).[5] Petitioner did not file a motion for the PCR court to reconsider its order even though such a motion was necessary to preserve this claim, since a "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order." Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)(citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]; Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler, 424 S.E.2d at 478-480 [issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).

Accordingly, this issue was not properly preserved in Petitioner's PCR proceedings,

[5]Petitioner also did not appeal this PCR order. Although Petitioner was subsequently granted a belated appeal, this was not one of the issues considered by the South Carolina Supreme Court as part of that appeal. Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review].





nor did Petitioner make a post-trial motion to request that this specific issue be addressed.[6] See Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that although Petitioner attempted to raise the issue in his PCR appeal, the issue was procedurally barred where PCR court did not rule on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008). Therefore, since Petitioner did not properly raise and preserve this issue in his APCR proceedings, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) [”A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would

---

[6]The Fourth Circuit has held that, prior to the decision of the South Carolina Supreme Court in Marlar v. South Carolina, 653 S.E.2d 266, 267 (S.C. 2007), South Carolina courts had not consistently applied the procedural bar based on a PCR applicant's failure to file a Rule 59(e) motion. See Bostick v. Stevenson, 589 F.3d 160, 164-165 (4th Cir. 2009). In this case, however, the PCR court's order was issued on January 10, 2008, after the South Carolina Supreme Court's decision in Marlar in November of 2007. Therefore, Petitioner's failure to file a Rule 59(e) motion regarding this issue bars his claim. See Marlar v. Warden, Tyger River Correctional Institution, 432 Fed.Appx. 182, 186-188 (4th Cir. May 25, 2011).





be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Since this issue was not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Here, Petitioner has not shown, or even argued, any cause for his failure to properly pursue this issue in his APCR. Further, although not specifically raised by Petitioner in his filings, to the extent that Petitioner *could have* argued that his PCR counsel was ineffective for failing to pursue or properly preserve this claim in his APCR, this argument would also not provide Petitioner relief.

The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the





default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Here, this argument would fail to show the necessary "cause" for a procedural default because, to the extent Petitioner claims that his PCR counsel did not properly pursue and exhaust this claim, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998). Therefore, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153,





1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, Petitioner contends that he can overcome the procedural bar in this case because he is actually innocent. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). However, Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charge for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.





## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

June 14, 2012
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



