UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Derrick L. Brice, #241502, | ) | |
| | ) | C/A No. 9:11-cv-03172-GRA |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Wayne McCabe, Warden , | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report
and Recommendation, filed on November 10, 2011.  *See* ECF No. 20.  Petitioner
brought this action pursuant to 28 U.S.C. § 2254 on November 21, 2011.  *See*
ECF No. 1.  Magistrate Judge Bristow Marchant recommends that Respondent's
Motion for Summary Judgment be granted and that Petitioner's § 2254 petition be
dismissed with prejudice.

**STANDARD OF REVIEW**

Petitioner brings this claim *pro se*.  This Court is required to construe *pro se*
pleadings liberally.  Such pleadings are held to a less stringent standard than those
drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).
This Court is charged with liberally construing a pleading filed by a *pro se* litigant to
allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*,
454 U.S. 364, 365 (1982).  A court may not construct the petitioner's legal
arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a

district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Accordingly, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

## OBJECTIONS

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718

F.2d 198, 1999 (4th Cir. 1983).

## DISCUSSION

Construing Petitioner's *pro se* Objections to the Report and Recommendation liberally, this Court finds that the Petitioner filed two specific and cognizable objections. The Petitioner objected to the following:

### *1. Subject Matter Jurisdiction of South Carolina Trial Court*

Petitioner objects to an assertion of case law which states "[t]he ability to challenge a state court's subject matter jurisdiction at any time should actually be phrased at any time he is in state court." Report and Recommendation 7, ECF No. 20 (citing *Thompson v. Perry*, No. 06-3429, 2007 WL 2579570, at *4 (D.S.C. Sept. 4, 2007)) (internal quotation marks omitted). Petitioner contends that Magistrate Judge Marchant is "making up his own law by redefining the law." Pet'r's Objections 2, ECF No. 22. Petitioner objects because he believes that the "jurisdiction of a court over the subject matter of a proceeding is determined by the constitution, the laws of the state and is fundamental," and "may not be waived even with consent of the parties, and may be raised at any time." *Id.* at 3. However, Petitioner's claims have no merit.

Magistrate Judge Marchant was correct in his analysis. "[I]t is up to South Carolina [state] courts to resolve issues as to whether or not subject matter jurisdiction exists." *Thompson*, 2007 WL 2579570, at 4. Furthermore, "a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*,

502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Dew v. Pancake*, No. 07-37, 2007 WL 4302429, at *4 (W.D. Ky. Dec. 7, 2007) ("This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts."); *U.S. ex rel. Holliday v. Sheriff of Du Page County, Ill.*, 152 F. Supp. 2d 1004, 1013 (N.D. Ill. 2001) (denying habeas corpus relief on grounds that "federal courts cannot review claims that the state court has disposed of on state law grounds," although Petitioner argued that subject matter jurisdiction may be raised at any time).

Additionally, Petitioner filed a direct appeal to the South Carolina Court of Appeals which alleged that the trial court lacked subject matter jurisdiction. The South Carolina Court of Appeals affirmed Petitioner's conviction. Then, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which, among other claims, alleged again that the trial court did not have subject matter jurisdiction. After an evidentiary hearing, the PCR Court denied this allegation. Thus, it is clear to this Court that Petitioner's claim is ultimately without basis because the South Carolina state courts have correctly dealt with this issue.

### 2. Petitioner's Indictment is Fraudulent

Petitioner also objects to a case law presented in the R&R that deals with the sufficiency of an indictment. *See* ECF No. 22, at 3. However, Petitioner has not submitted any evidence or presented any legal argument that supports a contention that his indictment is in any way defective. Therefore, Petitioner's objection is meritless.

After reviewing the magistrate's Report and Recommendation, relevant case law, and Petitioner's objections, this Court finds that the Report and Recommendation applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

**IT THEREFORE ORDERED THAT** Respondent's Motion for Summary Judgment is GRANTED and Petitioner's § 2254 motion is DISMISSED with prejudice. The Court declines to issue a certificate of appealability in this matter.[1]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 18, 2012
Anderson, South Carolina

---

[1] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").